UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATIONAL GRAPHICS, INC.,

      Plaintiff,

v.                                                                     Case No. 12-C-1119

BRAX LTD, et al.,

      Defendants.

**DECISION AND ORDER**

Before me presently are two Rule 7(h) expedited motions. Plaintiff NGI asks for a protective order restricting discovery, and Defendant Capitol Cups asks for reconsideration of part of this court's April 24 Decision and Order.

**1. Protective Order**

Defendant Dynamic Drinkware LLC noticed two third-party depositions, which in Plaintiff's view are improper because they appear to be directed at the defenses of prior use and co-inventorship. In an April 24, 2014 Decision and Order, this court granted summary judgment for the Plaintiff on the Defendants' co-inventor and prior use defenses, as least as to the moving parties. Thus, Plaintiff asks that a protective order be entered to preclude the discovery.

Defendant Dynamic Drinkware argues, however, that although the sought testimony might indeed speak to those defenses, it *also* speaks to the questions of anticipation or obviousness. For example, one of the deponents, Clarence Liddicoat, is expected to say that he taught NGI representatives his company's technology in 2001, prior to the application for the patents at issue. If true, that would go to the issue of obviousness and to the status of the prior art. The other

deponent, Roger Heathcote, was a long-time employee of NGI expected to have similar knowledge of such issues.

It is true that some of the discovery sought could pertain to defenses that are no longer live, but discovery is broad and the Plaintiff has not shown that the discovery sought would have no bearing on issues that continue to remain in this action. Moreover, there is no sense of harassment or undue burden here. Accordingly, the motion for a protective order will be denied.

**2. Motion to Reconsider**

Defendant Capitol Cups moves for reconsideration of the part of this court's Decision and Order granting partial summary judgment both for and against Capitol Cups. It notes that it was not a party to the summary judgment motion filed by the other Defendants. Concluding that it lacked adequate discovery at that point (discovery was not yet closed), Capitol Cups deliberately opted not to join the other Defendants' motion, instead limiting its briefing to claim construction. For its part, NGI's own motion was a cross-motion directed at the defenses raised in the other Defendants' motion. Capitol Cups also notes that it made its non-participation in the motions clear during a February 6 hearing. Accordingly, it argues that this court erred when it granted partial summary judgment both for and against it.

Plaintiff responds by arguing that Capitol Cups was joined at the hilt with the other Defendants. Generally, the time for stating that more discovery is required is *prior* to the filing and entry of dispositive motions, not after. In addition, Capitol Cups never filed an affidavit under Rule 56(d) stating that more discovery was required.

I am satisfied that the motion should be granted. Capitol Cups attempted to make clear the fact that it was not participating in the motion practice, and discovery had not yet closed. Rule 56(d)

applies to "nonmovants," meaning parties against whom motions are filed, and Plaintiff's cross-motion was not directed at Capitol Cups. Fed. R. Civ. P. 56(d). As such, it was under no additional obligation to do more than it did. Ultimately, the timing of the motions and the claim construction was unusual, and that likely led to the unusual course of proceedings we now face. Capitol Cups should not be prejudiced due to no fault of its own.

**3. Conclusion**

The motion for a protective order [93] is **DENIED**. The motion to reconsider [95] is **GRANTED**. Summary judgment is *not* granted either for or against Capitol Cups, Inc., and any portions of the Decision and Order [88] stating otherwise are vacated. The motion to file a reply [101] is **GRANTED**.

Dated this 19th day of May, 2014.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court