# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

NATIONAL GRAPHICS INC.,

       Plaintiff,

  v.                                            Case No. 12-C-1119

BRAX LTD, et al.,

       Defendants.

## ORDER DENYING RECONSIDERATION

Plaintiff asks the Court to reconsider part of its decision denying its motion for summary judgment as to infringement of the Corresponding Patents. In short, Plaintiff believes that the Defendants conceded infringement by failing to contest the matter in the proposed findings of fact, which were submitted as part of the summary judgment filings.

In this Court's summary judgment decision, the issue was described as follows:

> Based on the current record before the Court, summary judgment on infringement cannot be granted. Construing the facts in the light most favorable to the non-moving party, it is impossible to determine how the Kodak VMR varies the output resolution. As Defendants colorfully described it at oral argument, the Kodak machine is a "black box": Defendants input a resolution for the image on a computer screen and the machine outputs a plate at that resolution.

(ECF No. 88 at 27.)

Plaintiff points out that the Defendants did not dispute its twelfth proposed finding of fact, which stated that in Kodak's VMR technology the resolution is adjusted by adjusting the time keeping element. This is true. But it is also true that the Defendants contemporaneously noted in

their briefing that it was unknown how the Kodak machine actually works (ECF No. 71 at 11), and at oral argument they made the "black box" argument alluded to in my decision. Thus, rather than conceding infringement, the Defendants were arguing that there was not enough information.

This is a case in which it might be possible to enforce the Local Rules vigorously and hold the Defendants to their response to the proposed findings. But because the matter had actually been contested, both in the briefs and at oral argument, there would be little reason to grant summary judgment based on a single sentence in response to proposed findings of fact. If the purpose of the proposed findings is "to highlight which factual averments are in conflict," as Plaintiff states, then their purpose was substantially accomplished through argument made contemporaneously with the proposed findings. *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 921 (7th Cir. 1994). As evident in the summary judgment decision, neither the Plaintiff nor the Court was unclear about the argument the Defendants were advancing. Accordingly, the motion for reconsideration is **DENIED**.

**SO ORDERED** this 10th day of October, 2014.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court