UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATIONAL GRAPHICS, INC.,

   Plaintiff,

 v.             Case No. 12-C-1119

BRAX LTD, et al.,

   Defendants.

**ORDER**

  Defendants Dynamic Drinkware LLC, Brax Ltd and Service Litho-Print, Inc. (collectively "defendants") moved the Court for an order granting them relief to file a reply memorandum that exceeds the page limits set forth in the local rules. The Local Rules allow 15 pages in a reply, and the defendants seek to file a reply that is 27 pages in length. The motion will be granted. The Court has previously granted leave to file briefs exceeding the page limits in this case because the number of patents and the complexity of the case. Accordingly, defendants motion to file a brief not to exceed 27 pages is granted.

  Defendants' second motion seeks to restrict access to certain documents they have filed to the parties. The information they seek to restrict are documents and/or information received from third-party travel tags. The information was designated confidential/Attorney's Eyes Only pursuant to the protective order entered by the court in this case. This is the sole reason offered for restricting the materials to the case participants.

  In essence, plaintiff's motion is to seal the designated materials from public view. Good cause must be established in order to do so. The fact that a party designates material confidential

is not a ground to seal the documents once filed in a court record. *See Union Oil Co. v. Leavell*, 220 F.2d 562, 568 (7th Cir. 2000)("calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination)") *see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny."). The records and decisions of the courts should be within the public's view to allow the public access to the reasoning upon which judicial decisions rest. *See Leavell*, 220 F.3d at 567. As well, a stipulation by the parties does not satisfy the good cause standard.

Accordingly, the motion to restrict, or in essence seal, is denied. The denial, however, is without prejudice, and defendants may supplement the record with information that would establish good cause to obtain the relief they seek. Counsel will be allowed 21 days within which to show cause why the material it designated confidential should remain under seal. If counsel fail to show cause within that time, the material will be unsealed.

**SO ORDERED** this   24th   day of June, 2015.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach, Chief Judge
                                                  United States District Court