# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

NATIONAL GRAPHICS, INC.,

        Plaintiff,

    v.                                    Case No. 12-C-1119

BRAX LTD, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Following this court's decision on summary judgment, the Defendants moved for reconsideration of one aspect of that decision. Specifically, they assert that this court overlooked evidence of independent corroboration of the prior conceptualization of the invention by Raymond. This court noted Raymond's own notes, as well as the patent application he filed, but I concluded that these were not the kinds of "independent" sources that courts find sufficient to satisfy the corroboration requirement. In short, the sources of corroboration all traced back to Raymond himself. "[E]vidence of corroboration must not depend solely on the inventor himself." *Reese v. Hurst,* 661 F.2d 1222, 1225 (C.C.P.A. 1981). This court concluded: "Accordingly, I conclude that the Raymond evidence is not sufficiently reliable, as a matter of law, to overcome the clear and convincing burden of proof."

The Defendants argue that in so ruling, this court overlooked other evidence that was independent of Raymond himself. For example, the record contains a photograph of a cup called "Raymond Racing." Although the cups do come from Raymond, they are independent in the sense

that they are a physical manifestation of the invention rather than testimony *about* an invention. In some sense, arguably the actual reduction to practice of an invention could constitute better evidence than independent testimony about the reduction to practice.

The Defendants rely most heavily on the fact that Raymond filed a provisional patent application that pre-dates the '196 patent application. Although that application came from Raymond (as well as the co-inventor), it was filed by Raymond's attorney, and its filing date of February 15, 2000 is clearly discernable. The Federal Circuit has found patent applications to be corroborative: "Resco offers as corroborating proof its January 23, 1991 patent application for the stainless steel housing. This time period is contemporaneous with the time in which Zausner testified that he had invented the cover. . . . the patent application provides support for Zausner's testimony. . . . Figure 2 of the 1991 rejected patent application shows a double-plated stainless steel housing cover consistent with the type of cover Zausner testified that he had invented." *Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.,* 264 F.3d 1344, 1351-52 (Fed. Cir. 2001). Ultimately, if the purpose of the corroboration requirement is to avoid self-serving testimony and hazy memories, a contemporaneous document prepared by an attorney and filed with a government agency should more than satisfy the corroboration requirement. Accordingly, I conclude that the Defendants are correct in arguing that the court improperly viewed the patent application as not sufficiently "independent" of Raymond himself.

The patent application, dated February 15, 2000, describes a "Method of Bonding a Lenticular Lens Sheet to Plastic Objects and Objects Made from Same." (ECF No. 178-4.) The application states that "the invention provides an efficient and economical method to produce a plastic injection molded cup or injection molded container . . . by molding pre-extruded and printed

2

lens sheet(s) inside the injection mold." (*Id.* at 5.) The purpose was to produce a cup capable of displaying "animated" graphics for promotional purposes, for example, for *Star Wars* movies or sporting events. (*Id.*)

Although clearly the Raymond application evidences a cup with lenticular lenses and moving images, neither the briefs nor the proposed findings provide enough for the court to conclude as a matter of law that they clearly demonstrate a reduction to practice of the '196 patent. Perhaps the best argument for invalidity is found in the Defendants' invalidity contentions (ECF No. 141-2), but these rely heavily on Raymond's deposition testimony, which exists on the docket (if at all) only in a dizzying array of excerpted passages. Perhaps recognizing this, the Defendants have supplemented the record by filing some additional excerpts along with their reply brief, but these would not properly be considered in a motion for reconsideration. It might well be that the invalidity argument carries the day based on Raymond, but I cannot make that conclusion at this stage.

In sum, I conclude the Defendants are correct that the Raymond testimony is adequately corroborated, particularly by his provisional application, which is dated and signed by his attorney. That suffices to get the question to the jury. I cannot conclude, however, that the evidence the Defendants cite so clearly evidences a prior reduction to practice that they are entitled to judgment as a matter of law.

For the reasons given above, the motion for reconsideration is **GRANTED** in part and **DENIED** in part. **SO ORDERED** this 1st day of March, 2016.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
