UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATIONAL GRAPHICS, INC.,

        Plaintiff,

v.                                             Case No. 12-C-1119

BRAX LTD, et al.,

        Defendants.

## DECISION AND ORDER

Defendant Dynamic Drinkware, Inc. filed a motion seeking permission to present live video testimony at trial, or, in the alternative, to take the deposition of a non-party named Dan Blondal for use at trial. Plaintiff National Graphics opposed the motion and filed a motion for a protective order seeking to bar the proposed deposition. The parties appeared telephonically for a hearing, at which point I took the matter under advisement. For the reasons given below, I will deny the Defendant's motion and grant the Plaintiff's.

The Plaintiff's position is quite simple. Discovery has been closed for a full year, and the parties and their lawyers are preparing for the trial scheduled to begin in just six weeks. Civil Local Rule 26(c) states that "completion of discovery means that discovery (including depositions to preserve testimony for trial) must be scheduled to allow deposition to be completed . . . before the deadline." Despite the fact that the Defendants now view Mr. Blondal as an important witness, they never deposed him during the lengthy pendency of this case, and thus it is too late to attempt such an effort now. Similarly, the rules of procedure require *live* testimony rather than video testimony,

and only in extraordinary circumstances may an individual testify by video. The mere fact that a witness has changed his mind about cooperating does not rise to the level of an extraordinary circumstance. Moreover, Plaintiff argues, the testimony is not relevant because it seeks to re-litigate a matter that has already been decided.

The Defendants argue that this not a "pickle of their own making," as the Plaintiff puts it, but merely an unforeseen scenario arising out of the fact that their witness has recently decided to become more cooperative (at least partly) by being deposed or testifying via video. Previously, the witness had expressed a desire to remain out of the case and would not consent to such appearances, apart from a declaration he filed several years ago. Now the witness has had a change of heart and wants to help, but not to the extent of actually appearing in court.

I am satisfied that this is not a case presenting "compelling circumstances" to permit testimony other than in open court. Fed. R. Civ. P. 43(a). It is true that the witness lives in a foreign country, but that country is Canada, not Mozambique. The notes to Rule 43 evince a clear mandate for live, in-court testimony:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

Fed. R. Civ. P. 43 Advisory committee's note.

Similarly, the local rules of this district provide that depositions to preserve testimony for trial must be conducted within the appropriate discovery deadlines, which have long lapsed. Civil L. R. 26(c). The mere fact that a witness has changed his mind does not warrant reopening

2

discovery, particularly so soon before trial. *Bagnal v. Foremost Ins. Grp.,* No. 2:09-CV-1474-DCN, 2011 WL 1235555, at *5 (D.S.C. Mar. 30, 2011) (rejecting testimony of a witness who changed his mind about participating: "miraculously, right after this court's order granting summary judgment in favor of defendant, Mr. Adams not only decided to become involved in the litigation, but is now 'willing and eager' to participate.'")

In addition, there is a concern that any arguments based on Mr. Blondal's testimony have been waived. In extensive summary judgment proceedings—both sides moved for summary judgment on validity—this court addressed several invalidity arguments. If it were relevant, the time for presenting Mr. Blondal's testimony was then, not now. Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999). Summary judgment, particularly in a complex patent case like this one, is designed in part to winnow the issues down for trial. Properly done, this crystallizes the factual and legal issues posed and lessens the burden ultimately placed on the factfinder. Here, allowing additional testimony that was not before the court on cross-motions for summary judgment would circumvent that process without adequate justification, particularly when the issue of validity itself *was* before the court. "One opposing a summary judgment motion must, if the movant has made the requisite showing under Rule 56, come forth with evidence sufficient to demonstrate the existence of a triable issue of fact. . . . The motion's opponent may not present some evidence, then, following an adverse summary judgment ruling, present the rest at trial." *United States v. Envtl. Waste Control, Inc.,* 710 F. Supp. 1172, 1221 (N.D. Ind. 1989). Thus, I conclude that consideration

of new testimony on a question already heavily litigated would not be proper.[1]

The motion for a protective order is **GRANTED**. The motion to take a deposition or offer video testimony at trial is **DENIED**.

Dated this 18th day of March, 2016.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

[1] To be clear, I do not agree with the Plaintiff's belief that the court ruled definitively against the Defendants on the validity question. This court did rule, as a matter of law, based on unrebutted evidence of confidentiality, that the use of a Trendsetter device by Travel Tags company was not a public use. (ECF No. 217 at 5.) With respect to the other invalidity issues raised, however, the court did not issue a ruling foreclosing further litigation. Instead, I concluded that the Defendants' arguments for invalidity did not sufficiently carry the burden at the summary judgment stage. For example, the Roberts report did not "on its own" meet the clear-and-convincing evidence standard on summary judgment (*Id.* at 9), but that only means that the court could not conclude that a reasonable jury would *necessarily* have agreed with the argument, which is heavily fact-based. In other words, a ruling that a given argument does not meet a given evidentiary burden on summary judgment does not take the question away from the jury.